25-964-cv
*Damri v. LivePerson, Inc.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty-six.

Present:

> AMALYA L. KEARSE,
> WILLIAM J. NARDINI,
> EUNICE C. LEE
> *Circuit Judges*.

———————————————————————

NOAM DAMRI, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

> *Plaintiff-Appellant*,

v.                                                            25-964-cv

LIVEPERSON, INC., ROB LOCASCIO,
JOHN COLLINS,

> *Defendants-Appellees*.

———————————————————————

| | |
|---|---|
| For Plaintiff-Appellant: | TAMAR A. WEINRIB (Jeremy A. Lieberman, *on the brief*), Pomerantz LLP, New York, NY |
| For Defendants-Appellees: | PETER L. SIMMONS, Fried, Frank, Harris, Shriver & Jacobson LLP, New York, NY |

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART AND VACATED AND REMANDED IN PART**.

Plaintiff-Appellant Noam Damri, individually and on behalf of all others similarly situated, appeals from a judgment of the United States District Court for the Southern District of New York, entered on March 19, 2025, dismissing with prejudice an Amended Complaint (the "AC") against Defendants-Appellees LivePerson, Inc. ("LivePerson") and two of its officers—Rob LoCascio and John Collins (the "Officer Defendants").

Damri alleges that the Defendants artificially inflated the value of LivePerson's stock by, among other things, disseminating manipulated forward-looking revenue guidance and failing to disclose the poor performance and regulatory scrutiny of a recently acquired subsidiary. Damri further contends that purchasers of LivePerson's stock were harmed when LivePerson's true financial condition became known and the company's stock price plunged. On March 19, 2025, the district court dismissed Damri's AC, holding that he had failed to state a claim for violations of: (1) § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5; and (2) § 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a). In reaching this conclusion, the court did not give "much weight" to allegations in the AC attributed to the "Starboard CW"—a confidential witness whose statements had been copied by Damri from a pleading in a separate case—because Damri's counsel had never spoken with the witness or confirmed his allegations in the other case. App'x at 582 The court also concluded that the AC's reliance on other confidential witnesses—with whom Damri's

counsel had spoken—was problematic because the complaint did not describe these witnesses with sufficient particularity to support the probability that they would possess the information attributed to them. Having determined that the confidential witnesses' allegations should be disregarded or given little weight, the court proceeded to conclude that Damri had failed to adequately allege falsity with respect to the seven categories of purported misrepresentations or omissions detailed in the AC. It also concluded that the AC had not properly pled scienter on the part of the Officer Defendants—based either upon their motive and opportunity to commit fraud, or upon strong circumstantial evidence of their conscious misbehavior or recklessness. Finally, the court held that Damri's § 20(a) claim for "control person" liability against the Officer Defendants failed because he had not pled an underlying § 10(b) claim against LivePerson.

Upon consideration, we **AFFIRM** the dismissal of the AC substantially for the reasons stated by the district court in its thorough opinion.

However, we **VACATE** the district court's denial of leave to amend and **REMAND** to permit Damri to replead. This Court ordinarily reviews a denial of leave to amend under an abuse of discretion standard; where the denial is based on a legal issue such as futility, however, our review is *de novo*. *In re Shanda Games Ltd. Sec. Litig.*, 128 F.4th 26, 59 (2d Cir. 2025). Here, the district court denied leave to replead on the ground that amendment would be futile. On appeal, Damri argues that his allegations have been substantiated by new materials about the underlying events that have come to light since the district court's judgment, including the deposition transcript of the Starboard CW in a related suit in Delaware state court. Because these materials may provide fodder for a properly stated amended pleading, and because the district court did not have occasion to consider them in the first instance, we remand the case with leave for Damri to amend. The district court will then be able to assess the adequacy of any second amended

3

complaint, consistent with our affirmance of its previous ruling.

We have considered Damri's remaining arguments and find them unpersuasive.  For the foregoing reasons, the judgment of the district court is **AFFIRMED IN PART AND VACATED AND REMANDED IN PART**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk